United States District Court
Northern District of California

THE GUIDIVILLE RANCHERIA OF CALIFORNIA, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No.: 12-cv-1326 YGR (KAW)

ORDER DENYING FEDERAL DEFENDANTS' MOTION TO COMPEL THE RETURN OF AN INADVERTENTLY RELEASED DOCUMENT AND DENYING JOINT ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Defendants Sally Jewell, in her official capacity as Secretary of the United States Department of the Interior, and Kevin Washburn, in his official capacity as Assistant Secretary – Indian Affairs of the United States Department of the Interior ("Defendants") move to compel the return of a document which they claim is privileged, and was inadvertently released to Plaintiffs Guidiville Rancheria of California and Upstream Point Molate through its mistaken inclusion in the administrative record in this case. *See* Dkt #105.

The motion to compel was referred to the undersigned. Relatedly, the parties to this discovery dispute filed a joint administrative motion to file the document at issue under seal. *See* Dkt # 115.

The document at issue is a draft of the Indian Lands Determination prepared by attorneys within the Solicitor's Office of the Department of Interior and other agency officials. Defendants argue that the document is privileged under the attorney-client and deliberative process privileges; that it should be returned pursuant to Federal Rule of Evidence 502(b); and that documents of the same "subject matter" as the document at issue should also be protected. Plaintiffs argue that any privileges were waived years ago when the document or the contents of the document was

released to members of the public, and alternatively, that Defendants have not met the 502(b) standard.

A hearing on the motion to compel was held on August 15. Scott Crowell appeared for Plaintiff Guidiville; Dean Hanley, Garrett O'Keefe, and Shona Armstrong appeared for Plaintiff Upstream; Ben Schifman appeared for the government; and Arturo Gonzalez appeared for the City of Richmond. For the reasons explained below, the Court DENIES Defendants' motion and DENIES the joint motion to file under seal.

**I.  Privilege**

Defendants argue that the document at issue is protected by the attorney-client and deliberative process privileges, that the privileges have not been waived, and that the document was inadvertently disclosed under Federal Rule of Evidence 502.

### A. The attorney-client privilege does not protect the document, because Defendant has not met its burden of showing that the privilege was not waived.

Defendants assert that the document at issue is protected by the attorney-client privilege. Plaintiffs argue that it is not, because the contents of the document were disclosed years ago, before the document was included in the administrative record in this case.

An eight-part test is used to determine whether the attorney-client privilege applies. "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (citations omitted). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* (citation omitted).

Defendants assert, and Plaintiffs do not dispute, that the document at issue was prepared by attorneys in the Solicitor's Office for the Assistant Secretary – Indian Affairs—the attorney's client—during the course of legal representation, for the purpose of providing legal advice regarding whether the Tribe's land qualified as "restored" for the purposes of the Lands

2

1 Determination. Thus, the only disputed issue is whether the attorney-client privilege has been
2 waived.

3 As explained above, the attorney-client privilege is strictly construed, and it is Defendants'
4 burden to prove every element, including that the privilege was not waived. *See Weil v. Inv./*
5 *Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) ("As with all evidentiary
6 privileges, the burden of proving that the attorney-client privilege applies rests not with the party
7 contesting the privilege, but with the party asserting it . . . One of the elements that the asserting
8 party must prove is that it has not waived the privilege.").

9 A party may waive the attorney-client privilege through "voluntary disclosure of the
10 content," and the waiver will extend "to all other communications on the same subject." *Id.* at 24-
11 25 (finding that where a party had "disclosed the content of a privileged communication," its
12 "bare assertion that it did not subjectively intend to waive the privilege is insufficient to make out
13 the necessary element on nonwaiver").

14 On the other hand, involuntary disclosures—such as where a document was intercepted
15 despite reasonable precautions—do not automatically waive the privilege. *In re Pac. Pictures*
16 *Corp.*, 679 F.3d 1121, 1126-27 (9th Cir. 2012). *See Dukes v. Wal-Mart Stores*, No. 01-2252 CRB
17 JSC, 2013 WL 1282892 (N.D. Cal. March 6, 2013) (where leaked document's disclosure was
18 involuntary and unauthorized, and Wal-Mart provided evidence that: the document was clearly
19 marked as attorney-client privileged; was only distributed to a very limited set of attorneys and
20 executives; and the recipients were specifically instructed that the letter was privileged and highly
21 confidential, and told that it should not be forwarded, the disclosure did not act as a waiver of the
22 attorney-client privilege).

23 Plaintiffs argue that the attorney-client privilege was waived through the disclosure of the
24 document to multiple sources. Plaintiffs submit a February 2, 2010 letter from Stand Up for
25 California to the Acting Director of the Office of Indian Gaming states that "it has been published
26 in a newspaper of general circulation in the Bay Area that the Department of the Interior has an
27 internal memo granting a positive Indian lands determination for the Guidiville Band of Pomo
28 Indians of Talmage, Mendocino County." Dkt # 103-22 at 2. The letter continues, "I have

1  requested a copy of the internal memo. However, since this memo is not a final agency action is
2  subject to change, I am advised, that there is NO Indian Lands determination. Yet, as we
3  discussed on Friday, we both know that the memo exists." *Id.*

4        Similarly, an August 10, 2010 letter from a coalition of Sonoma County, Solano County,
5  Napa County, City of San Pablo, and the Manchester Band of Pomo states: "We are informed that
6  as to at least one tribe (the Guidiville Band of Pomo Indians), a high-ranking DOI official has
7  formally recommended approval of such gaming based on IGRA's 'restored lands exception.'"
8  *See* Dkt # 103-20 at 2.

9        Defendant argues that there is no evidence whatsoever that the document was released,
10  and that "the only information Plaintiffs offer in support of this contention constitutes triple
11  hearsay." Dkt # 105 at 16. Defendant argues that there is no evidence that the authors of the
12  coalition of counties' letter were actually in possession of the document at issue, and the letter
13  merely shows that they were informed as to its contents. Similarly, Defendant argues that the
14  representative of Stand Up California obviously did not have a copy of the document, as it stated
15  that it requested a copy, and had been denied.

16        Because it is Defendants' burden to show non-waiver, the Court looks to the evidence
17  presented by Defendants in order to determine whether the apparent disclosure of the document or
18  the relevant contents of the document was voluntary or involuntary. In support of its motion to
19  compel, Defendant has submitted the declaration of Nancy Pierskalla, the Acting Director of the
20  Office of Indian Gaming within the Department of the Interior. *See* Dkt # 106-1 at 2-3.
21  Pierskalla attests that the document at issue was a draft that was never sent to, accepted or issued
22  by the Assistant Secretary—Indian Affairs, but was sent to other attorneys and officials within the
23  Department of the Interior. *Id.* She does not attest that these were the only individuals to whom
24  the memo or its contents were conveyed. Nor does she explain how the privileged nature of the
25  document was protected. *Id.* at 2. Defendants have also submitted declarations by Reuben
26  Schifman, Defendants' counsel. Dkt # 115-1, 160-1. None of these declarations provide evidence
27  about how Defendants protected the privileged nature of the document at issue, or address the

4

1  circumstances of the apparent disclosure of the contents of the document before 2010.
2  Defendants admit that the document was not marked "privileged" or "confidential."

3  Defendants have failed to submit evidence showing that it did not voluntarily disclose the contents of the draft memo. Nor have they explained what steps, if any, were taken to protect the privileged nature of the document, whom the document was provided to, or how it or its contents were released to a newspaper. Nor have Defendants attempted to explain the statement in the letter from a member of Stand Up for California to the Acting Director of the Office of Indian Gaming that, "as we discussed on Friday, we both know that the memo exists." The implication of this statement is that the Director of the Office of Indian Gaming had discussed the existence and relevant contents of the draft memo with the representative of Stand Up California. If this is true, the disclosure was voluntary and the attorney-client privilege was waived. *See Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 625 (N.D. Cal. 2006) ("The scope of a waiver of attorney-client privilege extends the privilege to all communications on the same subject matter.").

Defendants argue that the information contained in the letter submitted by Plaintiffs is multiple hearsay, and should not be considered by the Court. But the letters are contained in the administrative record, which was prepared by Defendants. In the administrative context, the strict rules of evidence do not apply; hearsay evidence is admissible in administrative actions so long as it bears satisfactory indicia of reliability. *See Calhoun v. Bailar*, 626 F.2d 145, 148-49 (9th Cir. 1980) ("the Administrative Procedure Act provides that 'Any oral or documentary evidence may be received, but every agency shall as a matter of policy provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence.'") (citation omitted). Generally, in cases like this one, brought in district courts under the Administrative Procedures Act, hearsay evidence's probative value, reliability and fairness of use are determinative of its admissibility. *See id.* Defendants have presented the Court with no authority holding that a different rule applies when the hearsay evidence is relevant to an issue of privilege, rather than to the district court's review of an agency's decision. Nor have Defendants argued that the evidence in the letters is not reliable.

Even if the Court did not consider the statements in the letters for the truth of the matter, Defendants have not met their burden of showing non-waiver, as they have submitted no evidence to the Court attesting to how the draft memo was kept confidential. At the hearing, Defendants' counsel stated that he could find out how the privileged nature of the draft memo was protected, and file additional declarations attesting to those facts. But the time for Defendants to obtain and submit such declarations was when they filed their motion. Because Defendants have not met their burden of showing that the attorney-client privilege has not been waived, the Court finds that the document is not protected by the attorney-client privilege.

### B. The deliberative process privilege applies, but under the circumstances of this case, the document should remain in Plaintiffs' possession.

The deliberative process privilege permits the government to withhold documents that "reflect[ ] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975). Documents protected by the deliberative process privilege must be both "predecisional" and "deliberative." *Carter v. U.S. Dep't of Commerce,* 307 F.3d 1084, 1089 (9th Cir. 2002); *see also Hongsermeier v. C.I.R.*, 621 F.3d 890, 904 (9th Cir. 2010). A document is predecisional if it is "prepared in order to assist an agency decisionmaker in arriving at his decision." *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975). This may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Carter*, 307 F.3d at 1084 (quoting *Assembly of State of Cal. v. U.S. Dept. of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992)). A predecisional document is a part of the "deliberative process," if "the disclosure of [the] materials would expose an agency's decision making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Assembly*, 968 F.2d at 920.

The document at issue here appears to be both predecisional and part of the deliberative process. Defendants assert, and Plaintiff does not dispute, that the document is a draft recommendation prepared by an attorney in the Solicitor's Office of the Department of the Interior

to the Assistant Secretary – Indian Affairs. Dkt # 106-1 at 2 (Pierskalla Dec'l ¶ 4). The draft recommendation was never sent to the Assistant Secretary – Indian Affairs, but was sent to other attorneys and officials within the Department of the Interior. *Id.* Therefore, it does not reflect the policy of the agency, and is predecisional. In addition, disclosure of the document would expose the Department of the Interior's decision making process in such a way as to discourage candid discussion within the agency. Disclosure of draft recommendations, which may differ from final recommendations, would discourage candid discussion within the agency, as agency officials would be concerned about public confusion, the Department's credibility, or litigation against the department. *See id.* at ¶ 5. Accordingly, Defendants have met their burden of showing that the document is predecisional and deliberative.

But the deliberative process privilege is a qualified privilege, and courts may order discovery even if the government meets its burdens of showing the document is predecisional and deliberative. *See F.T.C. v. Warner Communications Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Privileged materials may be obtained if the propounding party's "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id.* at 1161 (citing *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 658 (6th Cir.1976)). *See California Native Plant Soc'y v. U.S. E.P.A.*, 251 F.R.D. 408, 415 (N.D. Cal. 2008) (citing *Chevron U.S.A. Inc. v. United States*, 80 Fed. Cl. 340, 355-57 (Fed. Cl. Jan. 31, 2008) for the proposition that the government must show "pre-decisional" and "deliberative," and then the Plaintiffs subsequently bear the burden to show that the privilege should be waived).

Among the factors to be considered determining whether the deliberative process privilege should be overridden are: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id. See also N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003) (citing the same factors). Moreover, "where the government's decision process itself is in question, discovery may be appropriate." *Id.*

The Court finds that Plaintiffs have met their burden of showing that the deliberate process privilege should be waived because Plaintiffs' need for the evidence overrides the government's interest. The first and second factors, the relevance of the evidence and its availability, weigh in favor of allowing discovery of the document. The draft memo is relevant to a central issue in this case. Plaintiffs assert that agency officials voluntarily disclosed, or "floated," the draft positive Indian Lands determination to members of the public in order to gauge the public reaction to such a determination, and then reversed the positive determination for political reasons. As Plaintiffs write, the draft memo "goes to the very heart" of its case. The draft memo sets out a detailed analysis of the history and laws in favor of concluding that the Point Molate lands qualified as restored lands, yet none of this analysis was discussed in the agency's final decision. The draft memo lends support to Plaintiffs' argument that the agency's final decision was arbitrary and capricious, and that the agency was unduly influenced by politics in making its final decision. The document is important to Plaintiffs' case, and the information contained in the document is not otherwise available. *See California Native Plant Soc'y*, 251 F.R.D. at 415 ("where the government's decision process itself is in question, discovery may be appropriate").

The third factor, the government's role in the litigation, also weighs in favor of finding that the deliberative process privilege should be overridden. As the government is a party to this lawsuit, and has a motive not to disclose unfavorable documents, its invocation of the deliberative process privilege must be carefully examined. *See Sikorsky Aircraft Corp. v. United States*, 106 Fed. Cl. 571, 577 (Fed. Cl. 2012).

The fourth factor, the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions, weighs in favor of upholding the deliberative process privilege. If draft memos such as this were routinely disclosed, it might have a chilling effect on the agency's ability to discuss different outcomes. However, the first three factors outweigh the last; the government's confidentiality interest is outweighed by the Plaintiffs' need for the evidence. Plaintiffs have met their burden of showing that the deliberative process privilege should be waived.

Because the document at issue is not attorney-client privileged, and the deliberative process privilege should be waived, the Court need not reach the issue of disclosure under Federal Rule of Evidence 502(b).

## II. Motion to File Under Seal

Because the Court finds that the document is not protected by any privilege, the joint administrative motion to file under seal is denied.

## III. Conclusion

For the reasons explained above, Defendants' motion to compel the return of an inadvertently disclosed document is DENIED, and the parties' joint motion to file the document under seal is DENIED.

It is so ORDERED.

Dated: August 23, 2013

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE