ROBERT G. DREHER
Acting Assistant Attorney General

REUBEN S. SCHIFMAN
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone (202) 305-4224
Reuben.Schifman@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GUIDIVILLE RANCHERIA OF CALIFORNIA, a federally recognized Indian tribe; and UPSTREAM POINT MOLATE LLC, a California Limited Liability Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA; S.M.R. JEWELL, the Secretary of the Department of the Interior; KEVIN WAHBURN, the Assistant Secretary - Indian Affairs;<br><br>and<br><br>THE CITY OF RICHMOND, a California Municipality,<br><br>Defendants. | Case No. CV 12-1326 YGR<br><br>FEDERAL DEFENDANTS' MOTION FOR RELIEF FROM ORDER OF MAGISTRATE JUDGE |

**FEDERAL DEFENDANTS' MOTION FOR RELIEF FROM PRETRIAL ORDER OF MAGISTRATE JUDGE**

Pursuant to Fed. R. Civ. P. 72(a) and Civil L.R. 72-2, Defendants, Sally Jewel, in her official capacity as Secretary of the United States Department of the Interior, and Kevin Washburn, in his official capacity as Assistant Secretary - Indian Affairs of the United States Department of the Interior, (collectively, "Federal Defendants"), respectfully object to the Magistrate Judge's Order Denying Federal Defendants' Motion to Compel, ECF No. 184, ("Order"), and request that the Court reverse the ruling and enter an Order compelling return of an inadvertently released, privileged document. *See* ECF Nos. 105, 160.

## I.  INTRODUCTION

On December 20, 2012, Federal Defendants filed the administrative record in this case. ECF No. 46. On May 14, 2013, Plaintiff Guidiville filed Motions to Supplement the record and for Discovery. ECF Nos. 100-101. After reviewing Plaintiff's Motions, Federal Defendants' counsel noticed that Plaintiff cited to a document, bates stamped GVAR 001343-001354, listed in the administrative record index as: "LTR, Skibine to Sanchez, RE Guidiville Restored Lands Decision Letter" (hereinafter "inadvertently disclosed document" or "document"). Contrary to the description in the index, the document is not a letter but rather is a pre-decisional draft of the Indian lands determination. It was inadvertently included in the administrative record rather than labeled as privileged and included in the privilege log. After unsuccessfully requesting return of this document, Federal Defendants moved to compel its return. ECF. No. 105.

The Magistrate Judge held that Federal Defendants had waived attorney client privilege by failing to prove that the privilege had not been waived prior to the litigation and that, although the deliberative process privilege applies, the document should not be returned. Order at 2, 6. These conclusions are "clearly erroneous" and should be reversed. *See* Fed. R. Civ. P. 72(a).

## II.  ATTORNEY CLIENT PRIVILEGE PROTECTS THE DOCUMENT

The Order concludes that attorney privilege had been waived—but not by the inadvertently disclosed document's inclusion in the administrative record. Order at 2-4. Rather, the Order found waiver on the basis of letters included in the administrative record that mention an unidentified

"memo" regarding the Indian lands determination.[1]  This evidence is wholly insufficient to find a waiver of attorney client privilege with regard to the specific inadvertently disclosed document and the legal analysis found therein.

First, in response to Plaintiffs' arguments that the document was released, Federal Defendants clearly stated in their Reply that prior to the inadvertent disclosure "[n]either this document nor any other version of the many drafts of the Decision were ever released."  ECF No. 160 at 3.  *See Trinidad y Garcia v. Thomas*, 683 F.3d 952, 982 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 845 (2013) (relying on, *inter alia*, attorneys statements made in briefs); *Oscanyan v. Arms Co.,* 103 U.S. 261, 263 (1880).  The accompanying declarations further demonstrate this fact, and show the Department was diligent in its protection of attorney-client privilege.  Ex. B, Declarations of Paula Hart, Director, Office of Indian Gaming, and Kaitlyn Chinn, Attorney-Advisor, Office of the Solicitor.

Even if these statements are not sufficient to demonstrate that the inadvertently disclosed document was not released, however, the letters found within the administrative record on their own terms do not suggest that Ms. Hart disclosed *any* document or even any legal analysis whatsoever.[2]  At best, they suggest that Ms. Hart told the author that a non-final memo "exists."  There is no evidence whatsoever that she disclosed the specific legal analysis contained in such a memo.[3]  However, even if mentioning the "exist[ence]" of a memo, rather than its content, were sufficient to waive privilege as to that memo—which it is not—there is no evidence that the letters and the discussions they reference concerned the specific document at issue here.  Rather than a "memo," the

---

[1] The letters are included in full as Exhibit A. In the most relevant letter, an advocacy group wrote to the Office of Indian Gaming's Director, stating: "It has been published in a newspaper of general circulation in the Bay Area that the Department of the Interior has an internal memo granting a positive Indian lands determination for the Guidiville Band . . . . I have requested a copy of the internal memo. However, since this memo is not a final agency action is subject to change, I am advised, that there is NO Indian Lands determination. Yet, as we discussed on Friday, we both know that the memo exists." As discussed below, this letter does not provide support for Plaintiff's claims.

[2] Indeed, that the author of the letter "ha[s] requested a copy of the internal memo" shows she does *not* have any such memo, and there is no evidence that she was ever provided with it.

[3] *Schenet v. Anderson,* 678 F.Supp. 1280, 1284 (E.D. Mich. 1988) ("The privilege is waived only as to those portions of the preliminary drafts ultimately revealed to third parties."); *Yarberry v. Gregg Appliances, Inc.*, 1:12-CV-611, 2013 WL 4476681, at *3 (S.D. Ohio Aug. 19, 2013) (no waiver where "opaque reference" to legal advice does not "illuminate the facts [or] analysis underlying that advice.") (citations omitted).

inadvertently disclosed document is a draft Indian lands determination, in the form of a letter, created by attorneys within the Solicitor's Office.

Finally, even if the letters from third parties to officials at the Department cited by Plaintiff did suggest that the attorney client privilege was waived, they nonetheless should not be considered, as they constitute multiple hearsay. The Federal Rules of Evidence "apply to proceedings in United States courts," Fed. R. Evid. 101(a), but "[a] federal statute . . . may provide for admitting or excluding evidence independently from these rules." Fed. R. Evid. 1101(e). In the Administrative Procedure Act, 5 U.S.C. § 706, *et seq.*, ("APA"), Congress provided for the use of the administrative record regardless of the Rules of Evidence—but only for certain narrow, specified purposes. Courts shall "review the . . . record" for the purpose of "making . . . determinations" specifically enumerated in the APA. 5 U.S.C. § 706 (court may review, *inter alia*, final agency action). Using the administrative record to make collateral determinations unrelated to the APA issues is not contemplated under the statute.[4] Thus, though a court must look to the record when reviewing final agency action under APA § 706, Plaintiffs have cited no authority for their position that the APA allows a court to use the administrative record to make a privilege determination. Instead, in such a situation the Rules of Evidence, including the hearsay rule, apply. *See* Fed. R. Evid. 802 ("hearsay is not admissible . . . .").

As explained in Federal Defendants' Motion to Compel, the document was disclosed—inadvertently—by its inclusion in the administrative record. This was a mistake, as the erroneous entry in the index underscores, and not a reflection of a previous waiver of attorney client privilege. If such mistakes never happened, then there would be no need for Rule 502(b). However, mistakes do occur, and 502(b) provides a means for addressing them. Under the standards established in that Rule, Federal Defendants have shown that attorney client privilege attaches to the document and that it should be returned. *See* ECF No. 105 at 9-13.

---

[4] *Calhoun v. Bailar*, cited in the Order for the proposition that "strict rules of evidence do not apply in the administrative context," is not at all to the contrary. 626 F.2d 145, 148 (9th Cir. 1980). "[T]he administrative context" is the merits of the APA claim—not a determination of privilege that is collateral and prior to the final determination under the APA.

**III. THE DELIBERATIVE PROCESS PRIVILEGE ALSO PROTECTS THE DOCUMENT**

The Order also concludes that, although the deliberative process privilege applies, the disclosed document is relevant and Plaintiffs' need for the evidence overrides the privilege. Order at 6-8. This conclusion misunderstands the nature of APA review and should be set aside.

As an initial matter "Plaintiff does not dispute" and the Court correctly found that the document is a pre-decisional, deliberative draft document, the disclosure of which would expose the agency's "'decision making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.'" Order at 6-7 (quoting *Assembly of State of Cal. v. U.S. Dep't of Comm.*, 968 F.2d 916, 920 (9th Cir. 1992)). Thus, the burden is on Plaintiff to show that this important privilege should be overridden.[5] Plaintiff has not met this burden.

The Order primarily reasons that the inadvertently disclosed document should be included because it is relevant to Plaintiff's underlying APA suit. It is not. The document is a draft of the Indian lands determination which Plaintiff challenges in this case—not the final determination. It is fundamental that in an APA case, courts are "empowered to review only an agency's *final* action, and the fact that a local agency representative's preliminary determination is later overruled at a higher agency level does not render the decisionmaking process arbitrary and capricious." *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 645 (2007).

The Order is correct to note that the document "sets out a detailed analysis of the history and laws in favor of concluding that the Point Molate lands qualified as resorted lands" and that this analysis differs from the analysis in the final decision. Order at 8. But that a preliminary, deliberative draft contains a different analysis than the analysis found in a final decision is not in any way "relevant" to whether the final decision itself was arbitrary.[6] Indeed, one purpose of protecting

---

[5] *See, e.g.*, *Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, No. CV 11-04001 RS KAW, 2012 WL 5869599, at *2 (N.D. Cal. Nov. 16, 2012) (citing *Cal. Native Plant Soc'y v. U.S. Envtl. Prot. Agency*, 251 F.R.D. 408 (N.D. Cal. 2008)).

[6] For this reason some courts do not even consider deliberative documents to be part of the administrative record in the first instance. *See e.g.*, *Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Human Servs.*, 631 F. Supp. 2d 23, 27 (D.D.C. 2009) ("Deliberative documents are

1  drafts is to allow the free airing of multiple potential paths and points of view before a decision is
2  made by the official with the authority to do so.  *See Assembly*, 968 F.2d at 920 (deliberative process
3  privilege "allow[s] agencies freely to explore possibilities, engage in internal debates, or play devil's
4  advocate without fear of public scrutiny").  This could not occur if differences reflected in such
5  internal debates could provide a sufficient basis to hold the final decision arbitrary.

6  It is also not the case that the inadvertently disclosed document is relevant to Plaintiff's claims
7  that the final decision was arbitrary because it was "influenced by politics."  Order at 8.  This
8  document shows nothing of the sort.  To make the required "strong showing of bad faith or improper
9  behavior" requires more than just a change from draft to final decision.  *Citizens to Pres. Overton*
10 *Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971).[7]  The mere fact that this draft document authored by an
11 agency employee differs from the analysis of the final decision-maker says nothing whatsoever about
12 *why* the decision-maker ultimately chose the path he did; instead, that rationale can be found in the
13 text of the final decision itself.  Rather than showing influence by politics, the document
14 demonstrates early discussions and explorations of different perspectives, revealing a robust decision-
15 making process. This is not evidence of bad faith but evidence that "the process worked just as it
16 should." *Butte Envtl. Council v. U.S. Army Corps of Eng'rs*, 620 F.3d 936, 946 (9th Cir. 2010).

17 Thus the document is irrelevant to the underlying suit.  However—as established in Nancy
18 Peirskalla's declaration and Federal Defendants' Motion to Compel—exposing such preliminary,
19 draft, deliberative documents causes harm to agency decision-making by chilling the candid
20 exchange of ideas.  ECF Nos. 105-106.  Thus, the document should be returned.

---

excluded from the record because, when a party challenges agency action as arbitrary and capricious, the reasonableness of the agency's action 'is judged in accordance with its stated reasons.'") (quoting *In re Subpoena Duces Tecum Served on Office of Comptroller of Currency,* 156 F.3d 1279, 1279 (D.C. Cir. 1998)).

[7] "Because allegations of government misconduct are easy to allege and hard to disprove, courts must insist on a meaningful evidentiary showing." *NARA v. Favish*, 541 U.S. 157, 175 (2004) (citations and quotations omitted). "Innuendo[,] or suspicion is not enough to demonstrate a strong showing." *Hickey v. Chadick*, No. 2:08-CV-824, 2009 U.S. Dist. LEXIS 92880, at *12 (S.D. Ohio Sept. 18, 2009).

IV. CONCLUSION

Based on the foregoing, Federal Defendants respectfully object to the Magistrate Judge's August 23, 2013 Order and seek an order setting aside the Order and ordering return of the inadvertently disclosed document.

Dated:  September 6, 2013
ROBERT G. DREHER,
Acting Assistant Attorney General

 */s/ Reuben S. Schifman*
REUBEN S. SCHIFMAN
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C.  20044-7611
Telephone (202) 305-4224
Reuben.Schifman@usdoj.gov

MELINDA L. HAAG (CSBN 132612)
United States Attorney
JOANN SWANSON (CSBN 88143)
Chief, Civil Division
450 Golden Gate Avenue, 9th Floor
P.O. Box 36055
San Francisco, CA 94102

Of Counsel:
KAITLYN CHINN
Office of the Solicitor
United States Department of the Interior
1849 C St. NW
Mail-Stop 6513
Washington, DC   20240
Tel: (202) 208-5134
Fax: (202) 208-4115
Kaitlyn.Chinn@sol.doi.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GUIDIVILLE RANCHERIA OF CALIFORNIA, a federally recognized Indian tribe; and UPSTREAM POINT MOLATE LLC, a California Limited Liability Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA; S.M.R. JEWELL, the Secretary of the Department of the Interior; KEVIN WAHBURN, the Assistant Secretary - Indian Affairs;<br><br>and<br><br>THE CITY OF RICHMOND, a California Municipality,<br><br>Defendants. | Case No.  CV 12-1326 YGR<br><br>[PROPOSED] ORDER GRANTING FEDERAL DEFENDANTS' MOTION FOR RELIEF FROM ORDER OF MAGISTRATE JUDGE |

## [PROPOSED] ORDER

Having read the foregoing and good cause appearing therefore, the Federal Defendants' Motion is hereby GRANTED. The Magistrate Judge's August 23, 2013 Order is REVERSED.  The Court finds:

(1) The document bates stamped GVAR 001343-001354 is protected by attorney-client privilege and deliberative process privilege.

(2) Pursuant to Federal Rule of Evidence 502(b), the inadvertent release of this document has not waived either privilege as to this document or others within the same subject matter.

IT IS HEREBY ORDERED:

   (1) Plaintiffs shall return or destroy return the inadvertently disclosed, privileged document as well as any copies thereof, shall delete all images of the document from

        any computers' hard drives, and shall delete all coding, notes, and other information related to the privileged documents from any computers' hard drives.

    (2)  Federal Defendants shall lodge an amended administrative record and privilege log that will withhold this document from production within one week of this order.

IT IS HEREBY ORDERED.

Dated:  September __, 2013

                                          Hon. Yvonne Gonzalez Rogers
                                          UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2013, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send notification of such to the attorneys of record.

  /s/ Reuben S. Schifman
REUBEN S. SCHIFMAN
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C.  20044-7611
Telephone (202) 305-4224
Reuben.Schifman@usdoj.gov