# Exhibit B

**Declarations of Kaitlyn Chinn and Paula Hart**

1  ROBERT G. DREHER
   Acting Assistant Attorney General
2
3  REUBEN S. SCHIFMAN
   Trial Attorney
   United States Department of Justice
4  Environment & Natural Resources Division
   Natural Resources Section
5  P.O. Box 7611
   Washington, D.C. 20044-7611
6  Telephone (202) 305-4224
   Reuben.Schifman@usdoj.gov
7
   Attorneys for Defendants
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11 | THE GUIDIVILLE RANCHERIA OF           | Case No. CV 12-1326 YGR
12 | CALIFORNIA, a federally recognized Indian |
   | tribe; and UPSTREAM POINT MOLATE LLC, a |
13 | California Limited Liability Corporation, |
   |                                        | **DECLARATION OF PAULA HART**
14 |         Plaintiffs,                    | **REGARDING NON-DISCLOSURE OF**
   |                                        | **DOCUMENT BATES STAMPED**
15 |    vs.                                 | **GVAR 001343-54 AND OFFICE OF**
   |                                        | **INDIAN GAMING PROCEDURES**
16 | THE UNITED STATES OF AMERICA; S.M.R.   | **FOR PREVENTING INADVERTENT**
   | JEWELL, the Secretary of the Department of the | **DISCLOSURE**
17 | Interior; KEVIN WASHBURN, the Assistant |
   | Secretary - Indian Affairs;            |
18 |                                        |
19 | and                                    |
   |                                        |
20 | THE CITY OF RICHMOND, a California     |
   | Municipality,                          |
21 |                                        |
   |         Defendants.                    |
22

## DECLARATION OF PAULA HART

I, Paula Hart, declare:

1. I am the Director of the Office of Indian Gaming ("OIG") within the Department of the Interior ("Department"), and I have held that position since February 1, 2010.

2. I was the Director of OIG on February 2, 2010, and on August 10, 2010, the dates of the letters bates stamped GVAR 000435-436 and GVAR 000146-149, respectively. On January 26, 2010, I was Acting Director of OIG.

3. I did not disclose the factual or legal contents of document bates stamped GVAR 001343-54 via physically sharing the document, via conversation, or otherwise prior to its inadvertent disclosure in the administrative record. Nor did I disclose any other draft of the Indian lands determination or any legal or factual analysis contained in any such draft, internal memorandum, or other document.

4. The document bates stamped GVAR 001343-54 is a draft Indian lands determination prepared by an attorney within the Solicitor's Office and, as such, is protected by the attorney client and deliberative process privileges. It is not the Department's practice to disclose such privileged and pre-decisional drafts, and I did not do so in this situation.

5. It is also not the Department's practice to disclose the legal and factual contents of a pre-decisional draft Indian lands determination prior to the final determination, and I complied with the Department's policies with regard to non-disclosure of this document.

6. As Director of OIG, I instruct my employees never to disclose pre-decisional drafts, including draft Indian lands determinations. I also instruct them not to disclose legal advice obtained from attorneys within the Solicitor's Office.

7. OIG adheres to the June 27, 2006, memorandum from the Deputy Solicitor entitled "Standardized Guidance on Compiling a Decision File and an Administrative Record."

The memorandum directs OIG to protect by non-disclosure attorney client and deliberative process privileged documents. The memorandum directs the Office of the Solicitor to review documents for privilege when the Department compiles an administrative record, and OIG therefore seeks the advice of the Office of the Solicitor to determine whether and which privileges apply to documents prepared for final decision-making. OIG understands, as the memorandum states, that the Department may not claim documents are privileged during administrative record compilation when the information has been released to non-federal parties in the past, and therefore OIG does not release such privileged documents.

8. Privileged electronic documents in OIG are stored on the individual, password-protected computers of the staff or on the shared drive available only to staff within OIG. Hard-copy documents are stored in personal files of the OIG staff located within their offices, which are locked when staff are not in the office, or within a secured file room.

9. OIG tightly controls distribution of and access to documents it prepares and reviews. Documents prepared by OIG and the Solicitor's Office in order to counsel officials in the Office of the Assistant Secretary – Indian Affairs when making an Indian lands determination, including draft Indian lands determinations, are only shared within the Department: in OIG, the Solicitor's Office, the Office of the Assistant Secretary – Indian Affairs, and with the National Indian Gaming Commission, where appropriate.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed September 6, 2013

*/s/ Paula L. Hart*

Paula L. Hart
Director
Office of Indian Gaming

-2-

ROBERT G. DREHER
Acting Assistant Attorney General

REUBEN S. SCHIFMAN
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone (202) 305-4224
Reuben.Schifman@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GUIDIVILLE RANCHERIA OF CALIFORNIA, a federally recognized Indian tribe; and UPSTREAM POINT MOLATE LLC, a California Limited Liability Corporation,<br><br>           Plaintiffs,<br><br>      vs.<br><br>THE UNITED STATES OF AMERICA; S.M.R. JEWELL, the Secretary of the Department of the Interior; KEVIN WASHBURN, the Assistant Secretary - Indian Affairs;<br><br>and<br><br>THE CITY OF RICHMOND, a California Municipality,<br><br>           Defendants. | Case No. CV 12-1326 YGR<br><br>**DECLARATION OF KAITLYN CHINN REGARDING OFFICE OF THE SOLICITOR PROCEDURES FOR PREVENTING INADVERTENT DISCLOSURE** |

## DECLARATION OF KAITLYN CHINN

I, Kaitlyn Chinn, declare:

1. I am an Attorney-Advisor within the Division of Indian Affairs, Office of the Solicitor, Department of the Interior.

2. The Solicitor's Office protects pre-decisional drafts it reviews and legal advice it compiles for its client bureaus. The Solicitor's Manual requires attorneys to comply with the Rules of Professional Conduct, which, in DC, require that attorneys do not reveal their clients' confidential information.

3. Electronic documents are stored on individual attorneys' password-protected computers or on the shared drive available only to attorneys within the same Division; in this case, the Division of Indian Affairs. Hard-copy documents are stored in individual attorneys' personal files located within their offices, which are locked when attorneys are not in the office.

4. The Solicitor's Office tightly controls distribution of and access to documents it reviews or compiles for its client bureaus. Documents prepared by OIG and the Solicitor's Office to counsel the Office of the Assistant Secretary – Indian Affairs when making an Indian lands determination, including draft Indian lands determinations, are only shared within the Department: in OIG, the Solicitor's Office, the Office of the Assistant Secretary – Indian Affairs, and with the National Indian Gaming Commission, where appropriate.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed September 6, 2013

                                                           _____
                                                           Kaitlyn Chinn
                                                           Attorney-Advisor
                                                           Division of Indian Affairs
                                                           Office of the Solicitor