**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE GUIDIVILLE RANCHERIA OF CALIFORNIA, AND UPSTREAM POINT MOLATE LLC**,<br><br>Plaintiffs,<br><br>vs.<br><br>**THE UNITED STATES OF AMERICA, SALLY JEWELL,** *et al.***,**<br><br>And<br><br>**THE CITY OF RICHMOND,**<br><br>Defendants.<br><br>And Counterclaims. | Case No.: 12-cv-1326 YGR<br><br>**ORDER DENYING MOTION TO AMEND AND CERTIFY ORDERS FOR INTERLOCUTORY REVIEW AND DENYING REQUEST FOR STAY WITHOUT PREJUDICE** |

Plaintiffs Upstream Point Molate, LLC and Guidiville Rancheria of California filed their Motion to Amend and Certify Orders for Interlocutory Review Pursuant to 28 U.S.C. section 1292(b). (Dkt. No. 237.) In that motion, Plaintiffs request that the Court certify two orders for immediate interlocutory appeal pursuant to 28 U.S.C. section 1292[1]: (a) the Court's July 24, 2014 Order Denying: (1) Plaintiff's Motion For Leave To File Motion For Reconsideration; and (2) Plaintiff's Motion For Leave To File Fourth Amended Complaint (Dkt. No. 236 ["Reconsideration Order"]); and (b) the Court's December 12, 2013 Order Granting Motion of City of Richmond For

---

[1] Plaintiffs move for certification under 28 U.S.C. section 1292*(d)(2)*. That section addresses certification for appeal of interlocutory orders made by judges of the U.S. Court of Federal Claims. The Court presumes that Plaintiffs intended to cite to 28 U.S.C. section 1292*(b)* concerning decisions of a district court judge.

Judgment On The Pleadings (Dkt. No. 212 ["JOP Order"].)  Plaintiffs also request the Court stay proceedings in this matter until the Ninth Circuit resolves Plaintiffs' petition for interlocutory appeal.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the motion to certify orders for interlocutory review.[2]  The Court finds that Plaintiffs have not met their burden to establish the exceptional circumstances required for certification of the interlocutory orders at issue here.  The request to stay the action pending interlocutory appeal is **DENIED WITHOUT PREJUDICE** as premature, since no appeal is pending.

**I. ANALYSIS**

**A. CERTIFICATION**

Under Title 28 U.S.C. section 1292(b), the district court may certify appeal of an interlocutory order if: (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation, and (3) there is substantial ground for difference of opinion as to the question of law.  "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."  *James v. Price Stern Sloan, Inc.,* 283 F.3d 1064, 1068 n. 6 (9th Cir.2002).  Courts apply the statute's requirements strictly, and grant motions for certification only when exceptional circumstances warrant it.  *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978).  A party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances.  *Id.*  A party must establish that all three requirements of section 1292(b) are met in order to seek an appeal of an interlocutory order.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

### *1.  Substantial Ground for Difference of Opinion*

Plaintiffs have not established that there is "substantial ground for difference of opinion." The question of whether there is a "substantial ground for difference of opinion" turns upon the extent to which controlling law is unclear because, for instance, "the circuits are in dispute on the

---

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the hearing set for **October 7, 2014**.

question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633. An argument "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id*. Likewise, disagreement with the Court's ruling is not sufficient to establish a "substantial ground for difference of opinion." *Id.*

Plaintiffs argue that "[t]here is still unclear and inconsistent authority" as to whether their claims "for breach of the LDA [Land Disposition Agreement] for failing to issue a final determination under CEQA or failing to exercise its discretion to evaluate the CEQA considerations in good faith towards achieving the stated goals of the LDA" constitute challenges to the approval process under CEQA that could only be made by writ petition. (Mtn. at 7.) However, Plaintiffs cite to no competing authority and offer nothing but their own conclusory arguments to establish "substantial ground for difference of opinion."

Dismissal of Plaintiffs' claims was based chiefly upon the fact that the terms of a settlement agreement between the parties precluded the claims. (JOP Order at 10-11.) The Court rejected the breach of contract claims for the *additional* reason that they constituted an improper attack on the City's exercise of its discretionary CEQA approval authority because a writ petition is the exclusive mechanism for challenging that conduct, citing *Mission Oaks Ranch, Ltd. v. Cnty of Santa Barbara*, 65 Cal. App. 4th 713, 722 (1998), *overruled on other grounds by Briggs v. Eden Council for Hope and Opportunity*, 19 Cal. 4th 1106 (1999) (barring developer's breach claim against county based on allegedly improper EIR when developer had not challenged the EIR). In the instant motion, Plaintiffs' assert that there are "no cases directly on point in this or any other jurisdiction" on the issue of the interplay between a contract or settlement agreement and CEQA, including *Mission Oaks,* and thus there is a "difference of opinion." (Mtn. at 7.) Even assuming the assertion was true, that alone would not establish a "substantial ground for a difference of opinion" as required by section 1292(b). *Couch*, 611 F.3d at 633 ("just because a court is the first to rule on a particular question…does not mean there is such a substantial difference of opinion as will support an interlocutory appeal") (internal citation omitted). Plaintiffs' disagreement with the Court's decision is not difference of opinion sufficient to create a certifiable issue.

3

Finally, Plaintiffs' argue that certification is appropriate upon nothing more than a showing that "the case law is confused," citing out-of-circuit authority. This is an incorrect statement of the applicable Ninth Circuit law. It is a standard that they have failed to meet in any event.

### *2.    Controlling Question of Law*

Plaintiffs also have not established that there is a "controlling question of law" to be determined on appeal. Although the statute and case law has not established a precise definition for what constitutes a "controlling question of law," the Ninth Circuit has suggested that a "controlling question" should be limited to such issues as who are proper parties, whether a court has jurisdiction, and whether state or federal law should apply. *See Rollins v. Dignity Health*, 13-CV-01450-TEH, 2014 WL 1048637 (N.D. Cal. Mar. 17, 2014) citing *In re Cement Antitrust Litig.,* 673 F.2d 1020, 1026 (9th Cir. 1982). Plaintiffs have not established that the issues they would raise on appeal concern "controlling questions of law" in that sense, but merely garden-variety issues of correct application of the law to the facts.

### *3.    Materially Advance the Ultimate Termination of the Litigation*

Plaintiffs still have claims pending against the Federal Defendants. They suggest that the Tribe will "continue[] to maintain that it has been wronged by the U.S. Defendants even if its claims against the City fail." (Mtn. at 6.) Plaintiffs continue to maintain a declaratory relief claim against the City. Thus, Plaintiffs have failed to meet their burden to show that an interlocutory appeal of the orders at issue would materially advance the ultimate termination of the litigation. Rather, it appears that interlocutory appeal of these orders would lead to piecemeal appeals and unnecessary complication of procedural matters.

Based on the foregoing, the request to certify the orders here for appeal is **DENIED**.[3]

### B.    STAY

Plaintiffs also request that the Court stay proceedings as to the claims against the Federal Defendants pending an interlocutory appeal. There is no appeal pending currently and, given the

---

[3] The Court notes that Plaintiffs have not requested entry of a partial final judgment as to less than all claims or all parties under Rule 54(b) of the Federal Rules of Civil Procedure, nor did Plaintiffs accede to the Court's suggestion that the parties agree to entry of dismissal on the remaining claim in order to expedite an appeal, since the parties agree that claim rises or falls with the ruling on the others.

current posture of the case, it is not clear there will be one in the near future.  Plaintiffs are mistaken when they say that the Court "has already stayed the Tribe's claims against the Federal Defendants through interlocutory appeal." (Mtn. at 8.)  The Court stayed litigation as to Plaintiffs' claims against the Federal Defendants pending "any motion for reconsideration of the Court's Order of December 12, 2013, and any interlocutory appeal of the December 12, 2013 Order." (Dkt. 225, Order of January 29, 2014).  Plaintiffs elected to file a motion for reconsideration, which was denied. (Dkt. No. 236, July 24, 2014 Order.)  In that same July 24, 2014 Order, the Court explicitly stated that the stay of the claims as to the U.S. Defendants, entered on January 29, 2014, was dissolved. (*Id.* at 10:16-18.)

## II.  CONCLUSION

Accordingly, the Motion to Amend and Certify Orders for Interlocutory Review is **DENIED**. The motion for a stay pending appeal is **DENIED WITHOUT PREJUDICE** as premature.

Plaintiffs filed the complaint in this action on March 16, 2012.  Resolution of the claims is required.  The Court therefore **SETS** a case management conference for **November 10, 2014**, at 2:00 p.m. in Courtroom 1.  The parties shall file a joint case management statement no later than November 3, 2014.

This Order terminates Docket No. 237.

**IT IS SO ORDERED**.

Dated: October 2, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**