```
 1                                          PAGES 1 - 13

 2                  UNITED STATES DISTRICT COURT

 3                NORTHERN DISTRICT OF CALIFORNIA

 4    BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE

 5   THE GUIDIVILLE RANCHERIA OF CALIFORNIA,)
     A FEDERALLY RECOGNIZED INDIAN TRIBE;   )
 6   AND UPSTREAM POINT MOLATE LLC, A       )
     CALIFORNIA LIMITED LIABILITY           )
 7   CORPORATION,                           )
                 PLAINTIFFS,                )
 8                                          )
       VS.                                  ) NO.  C 12-1326 YGR
 9                                          )
     THE UNITED STATES OF AMERICA; SALLY    )
10   JEWELL, THE SECRETARY OF THE DEPARTMENT)
     OF THE INTERIOR; KEVIN WASHBURN, THE   )
11   ASSISTANT SECRETARY - INDIAN AFFAIRS;  )
     AND THE CITY OF RICHMOND, A CALIFORNIA )
12   MUNICIPALITY,                          )
                                            ) OAKLAND, CALIFORNIA
13                 DEFENDANTS.              ) JUNE 16, 2015
                                            ) 2:02 O'CLOCK P.M.
14   THE CITY OF RICHMOND, A CALIFORNIA     )
     MUNICIPALITY,                          )
15               COUNTERCLAIMANT,           )
       VS.                                  )
16   UPSTREAM POINT MOLATE LLC, A CALIFORNIA)
     LIMITED LIABILITY CORPORATION,         )
17               COUNTERCLAIM DEFENDANT.    )
     _____)
18

19                  **TRANSCRIPT OF PROCEEDINGS**

20   **APPEARANCES:**

21   **FOR UPSTREAM:**          O'KEEFE & O'KEEFE LLP
                                1164 SOLANO AVENUE #148
22                              ALBANY, CALIFORNIA 94706
                          BY:   **GARET DAMON O'KEEFE, ESQUIRE**
23   FURTHER APPEARANCES ON NEXT PAGE.

24

25   *REPORTED BY:    KATHERINE WYATT, CSR 9866, RMR, RPR*
```

```
 1     FOR GUIDIVILLE RANCHERIA:
 2     CROWELL LAW OFFICES – TRIBAL ADVOCACY GROUP
 3     1487 W. STATE ROUTE 89A, SUITE 8
 4     SEDONA, ARIZONA 86336
 5     BY:  SCOTT CROWELL, ESQUIRE
 6          MICHAEL P. SCOTT, ESQUIRE
 7
 8     FOR THE CITY OF RICHMOND:
 9     MORRISON & FOERESTER
10     425 MARKET STREET
11     SAN FRANCISCO, CALIFORNIA 94105
12     BY:  ARTURO J. GONZALEZ, ESQUIRE
13     CHRISTOPHER J. CARR, ESQUIRE
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1      JUNE 16, 2015                          2:02 O'CLOCK P.M.
 2
 3                         P R O C E E D I N G S
 4           THE COURT:  ALL RIGHT.
 5           THE CLERK:  CALLING CIVIL ACTION 12-1326, GUIDIVILLE
 6   RANCHERIA VERSUS U.S.
 7       COUNSEL, PLEASE COME FORWARD, AND STATE YOUR APPEARANCES.
 8           MR. O'KEEFE:  GOOD AFTERNOON, YOUR HONOR.  GARET
 9   O'KEEFE FOR THE PLAINTIFF UPSTREAM POINT MOLATE LLC.
10           MR. CROWELL:  SCOTT CROWELL, YOUR HONOR, FOR THE
11   PLAINTIFF GUIDIVILLE RANCHERIA.
12           MR. SCOTT:  MICHAEL P. SCOTT FOR THE PLAINTIFF,
13   GUIDIVILLE RANCHERIA.
14           MR. GONZALEZ:  ARTURO GONZALEZ AND CHRIS CARR FROM
15   MORRISON & FOERSTER FOR THE CITY OF RICHMOND.
16           THE COURT:  OKAY.  GOOD AFTERNOON.  I'LL TAKE ONE
17   PERSON FROM EACH SIDE UP HERE.  WHAT I'D LIKE TO HEAR ABOUT TODAY
18   IS THE ARGUMENTS REGARDING SOVEREIGN IMMUNITY.  I WILL TELL YOU
19   THAT TENTATIVELY I DON'T THINK THAT THE DEFENSE IS ONE THAT
20   APPLIES HERE.  THE RESERVATION OR THE TRIBE SOUGHT JURISDICTION
21   IN THIS COURT.  ALL OF THE ATTORNEYS' FEES RELATE SPECIFICALLY TO
22   THE DISPUTE.  I THINK IT'S PRETTY STRAIGHTFORWARD.
23       ALL THAT SAID, GIVEN HOW MUCH IS AT STAKE, I AGREED TO LEAVE
24   IT ON CALENDAR AND NOT TAKE IT OFF WITHOUT ARGUMENT.  SO I WILL
25   LET YOU BEGIN.
```

1     **MR. CROWELL:** THANK YOU, YOUR HONOR.

2     YOU KNOW, THAT ISSUE IS PRESENT IN THE SUPREME COURT CASE

3  LAW THAT SAYS WHEN A TRIBE HAS FILED AN ACTION SEEKING

4  AFFIRMATIVE RELIEF IN THE COURT IT IS NOT EXPOSING ITSELF AS

5  COERCIVE RELIEF AGAINST IT.

6     **THE COURT:** WHAT CASE, SPECIFICALLY?

7     **MR. CROWELL:** CITIZEN BAND OF POTAWATOMI VERSUS

8  OKLAHOMA.

9     **THE COURT:** MR. GONZALEZ, RESPONSE ON THAT CASE.

10     **MR. GONZALEZ:** YES. BRIEFLY, YOUR HONOR, WITH RESPECT

11  TO THAT CASE THE ISSUE WAS COUNTERCLAIMS. THERE WAS NO ISSUE IN

12  THAT CASE WITH RESPECT TO LEGAL FEES. AND IN THIS CASE, AS THE

13  COURT KNOWS, ON THAT POINT THE TRIBE NOT ONLY VOLUNTARILY

14  APPEARED HERE AND EXPOSED ITSELF TO THE COURT'S JURISDICTION, BUT

15  THE TRIBE IN ITS COMPLAINT SAYS THAT IT'S THE THIRD-PARTY

16  BENEFICIARY OF THE CONTRACT AND THAT IT IS ENTITLED TO LEGAL FEES

17  FROM THE CITY OF RICHMOND AS A RESULT OF THE CONTRACT. SO YOU

18  CAN'T HAVE YOUR CAKE AND EAT IT, TOO.

19     **THE COURT:** ALL RIGHT. STOP THERE.

20     RESPONSE.

21     **MR. CROWELL:** THE DISTINCTION OF IT BEING A

22  COUNTERCLAIM AS OPPOSED TO BEING COERCIVE RELIEF AGAINST IT IS

23  NOT A -- IT'S A DISTINCTION WITHOUT A DIFFERENCE. THE CASE LAW

24  SAYS IF A TRIBE COMES IN AND SEEKS AFFIRMATIVE RELIEF FROM THE

25  COURT IT IS BOUND BY THE DECISION THAT THAT COURT MAKES REGARDING

1   THE MERITS, BUT IT IS NOT EXPOSED TO AFFIRMATIVE RELIEF AS
2   AGAINST IT.
3       IF IT'S A CASE WHERE --
4           **THE COURT:** SO WOULD YOU HAVE BEEN ENTITLED TO
5   ATTORNEYS' FEES IF YOU HAD PREVAILED?
6           **MR. CROWELL:** YES.
7           **THE COURT:** SO YOU WANT YOUR CAKE AND EAT IT TOO, AS
8   THE PHRASE GOES.
9           **MR. CROWELL:** AS THE CASE LAW PROVIDES.
10          **THE COURT:** AND THAT --
11          **MR. CROWELL:** IF WE HAD --
12          **THE COURT:** DON'T INTERRUPT ME.  THAT CASE SPECIFICALLY
13  SAYS THAT, THAT YOU CAN ON AN AFFIRMATIVE CONTRACT CLAIM NOT ONLY
14  OBTAIN ATTORNEYS' FEES, BUT USE IT AS A SHIELD AGAINST AN AWARD
15  OF ATTORNEYS' FEES?  THAT'S WHAT IT SAYS?
16          **MR. CROWELL:** THAT'S THE --
17          **THE COURT:** I DON'T THINK SO.
18          **MR. CROWELL:** IF YOU APPLY THE ANALYSIS OF THAT CASE,
19  THAT'S WHAT IT SAYS.
20          **THE COURT:** ALL RIGHT.
21          **MR. CROWELL:** WHAT IT SAYS IS --
22          **THE COURT:** WHAT PAGE, SPECIFICALLY?  GIVE ME THE QUOTE
23  THAT YOU'RE RELYING ON.
24          **MR. CROWELL:** I WOULD ASK THE COURT LEAVE TO FILE A
25  SUPPLEMENTAL BRIEF.  I CAN'T GIVE YOU THAT LEVEL OF DETAIL AS I

1  STAND HERE.

2  **THE COURT:** YOU DON'T THAT HAVE THAT CASE IN FRONT OF
3  YOU?

4  **MR. CROWELL:** I CAN PULL IT UP ON THE COMPUTER. I'LL
5  PULL IT UP.

6  **THE COURT:** ANY RESPONSE WHILE HE'S DOING THAT?

7  **MR. GONZALEZ:** JUST BRIEFLY, YOUR HONOR. THE CASE
8  DOESN'T SAY THAT.

9  **THE COURT:** DO YOU HAVE ANY OTHER CASE TO SUPPORT THIS
10 PROPOSITION? BECAUSE IT SEEMS -- IT SEEMS TO BE AN EXTREME
11 PROPOSITION.

12 **MR. CROWELL:** WELL, YES, YOUR HONOR. I MEAN, I WOULD
13 REST ON A CASE ON THE BRIEFS. I BELIEVE I CITED FOUR OR FIVE
14 CASES FOR THE PROPOSITION THAT THE TRIBE AFFIRMATIVELY SEEKING
15 RELIEF DOES NOT SUBJECT ITSELF TO AFFIRMATIVE RELIEF AS AGAINST
16 THE TRIBE.

17     THE CASE LAW GOES SO FAR AS TO SAY THAT THERE CAN BE
18 SETOFFS, BUT DOES NOT GO SO FAR AS TO SAY THERE CAN BE
19 AFFIRMATIVE RELIEF AS AGAINST THE TRIBE. THE TRIBE WOULD BE
20 BOUND BY ITS RULINGS ABOUT WHAT THE CONTRACT SAYS AND WHAT IT
21 PROVIDES, BUT IT WOULD NOT PROVIDE FOR AN AWARD AGAINST THE
22 TRIBE'S TREASURY.

23     THAT'S WHAT THE IMMUNITY IS INTENDED TO PROTECT. WITHOUT
24 EXPRESS WAIVER OF THE TRIBE'S IMMUNITY SUBJECTING ITSELF TO THAT
25 KIND OF RELIEF, THE COURTS ARE VERY CLEAR THAT SAYS THE RESULTS

```
 1   MAY BE INCREDIBLY UNFAIR.
 2            THE COURT:  THAT'S VERY INTERESTING.  ANY TIME A LAWYER
 3   USES THE WORD "CLEAR" IN FRONT OF ME, IT RARELY MEANS THAT IT IS.
 4       SO THE CASES THAT YOU CITE, YOU SAID YOU CITED FOUR.
 5            MR. CROWELL:  GIVE ME A MOMENT TO PULL IT UP.  I DIDN'T
 6   EXPECT TO GET TO THIS LEVEL OF DETAIL.
 7            THE COURT:  MCCLENDON, WOULD THAT BE ONE?
 8            MR. CROWELL:  MCCLENDON IS ONE.  POTAWATOMI IS ONE.
 9   THERE'S A NINTH CIRCUIT CASE, AS WELL.  I BELIEVE THAT'S
10   MCCLENDON.
11            THE COURT:  MCCLENDON IS A NINTH CIRCUIT CASE FROM
12   199 -- NO, THAT'S NOT THE 1994 CASE.
13       COLETTA INDIAN TRIBE, THAT'S A NINTH CIRCUIT CASE.  SQUAXON
14   ISLAND TRIBE.
15            MR. CROWELL:  YES.
16            THE COURT:  THAT ONE?
17            MR. CROWELL:  YES.
18            THE COURT:  CHEMEHUEVI INDIAN TRIBE?  THAT ONE?
19            MR. CROWELL:  CHEMEHUEVI, YES.
20            THE COURT:  AND CALIFORNIA VERSUS CHACON
21   TRIBE,(PHONETIC) THAT ONE?
22            MR. CROWELL:  YES.
23            THE COURT:  RESPONSES ON THOSE CASES GENERICALLY OR
24   SPECIFICALLY?
25            MR. GONZALEZ:  JUST BRIEFLY, YOUR HONOR.  NONE OF THOSE
```

1  CASES HOLD THAT THE TRIBE CAN SEEK LEGAL FEES AFFIRMATIVELY AS A
2  THIRD-PARTY BENEFICIARY, BUT THEN SOMEHOW BE PREVENTED FROM
3  HAVING TO PAY FEES IF THEY SHOULD LOSE UNDER THE SAME CONTRACTUAL
4  PROVISION.  THEY DON'T ADDRESS IT AT ALL.
5         **THE COURT:** RESPONSE?
6         **MR. CROWELL:** AGAIN, START WITH THE PROPOSITION THAT A
7  TRIBE IMMUNE UNLESS IT PROVIDES AN EXPRESS WAIVER.
8         **THE COURT:** SO YOU BELIEVE THAT BY COMING INTO COURT
9  ASKING FOR AFFIRMATIVE RELIEF SPECIFICALLY ON A CONTRACT, THAT
10 THAT'S NOT A WAIVER?
11        **MR. CROWELL:** THAT'S CORRECT.  WE ARE ASKING FOR
12 AFFIRMATIVE RELIEF AS AGAINST OPPOSING PARTY.  WE ARE NOT
13 ASKING -- WE ARE NOT CONSENTING TO AFFIRMATIVE RELIEF AS AGAINST
14 THE TRIBE.
15        **THE COURT:** SO WAIT.  SAY THAT AGAIN.
16        **MR. CROWELL:** WE ARE SEEKING AFFIRMATIVE RELIEF AS
17 AGAINST THE OPPOSING PARTY, THE CITY OF RICHMOND.  WE'RE NOT
18 CONSENTING TO AFFIRMATIVE RELIEF AS AGAINST THE TRIBE.
19        **THE COURT:** AND THE BASIS OF YOUR RELIEF IS THE
20 CONTRACT, ISN'T IT?
21        **MR. CROWELL:** THAT'S CORRECT.
22        **THE COURT:** SO HOW CAN YOU PICK AND CHOOSE THE PORTIONS
23 OF THE CONTRACT THAT YOU WANT TO HAVE ENFORCED IN A FEDERAL
24 COURT?
25        **MR. CROWELL:** IT'S NOT A QUESTION OF PICKING AND

1  CHOOSING.  IT'S A QUESTION OF WHERE SOVEREIGN IMMUNITY APPLIES,
2  AND ABSENT AND EVEN WHERE -- AND THE SUPREME COURT, YOU KNOW, THE
3  DISTINCTION SET ASIDE, THE SUPREME COURT HAS SAID A TRIBE SEEKING
4  AFFIRMATIVE RELIEF ON A CONTRACT CLAIM DOES NOT EXPOSE THAT TRIBE
5  TO BE COUNTERCLAIMS ON THAT VERY CONTRACT.
6         **THE COURT:**  IT'S NOT A COUNTERCLAIM.
7         **MR. CROWELL:**  THIS IS A REQUEST FOR ATTORNEYS' FEES TO
8  ENFORCE THAT CONTRACT BACK AGAINST THE TRIBE WHEN THE CONTRACT
9  PROVIDES NO WAIVER OF IMMUNITY AND THE TRIBE HAS NOT CONSENTED TO
10 THE COURT'S JURISDICTION AS TO A CLAIM AGAINST THE TRIBE.
11        **THE COURT:**  BUT YOU DON'T HAVE TO BRING A COUNTERCLAIM
12 TO RECOVER ATTORNEYS' FEES.
13        **MR. CROWELL:**  TO RECOVER ATTORNEYS' FEES AGAINST A
14 TRIBE --
15        **THE COURT:**  ON THE CONTRACT.
16        **MR. CROWELL:**  -- THAT HAS NOT WAIVED ITS IMMUNITIES,
17 YES, YOU DO.
18        **THE COURT:**  ON THE CONTRACT --
19        **MR. CROWELL:**  IT'S --
20        **THE COURT:**  -- ON THE CONTRACT ON WHICH YOU ARE SUING,
21 IF IT PROVIDES FOR ATTORNEYS FEES YOU WANT ME TO IGNORE THAT
22 PROVISION, EVEN THOUGH YOU WERE THE ONE WHO BROUGHT THAT CONTRACT
23 INTO COURT TO HAVE IT LITIGATED.  IS THAT WHAT YOU'RE SAYING?
24        **MR. CROWELL:**  IGNORE THE PROVISION, NO.  I UNDERSTAND
25 THAT THE TRIBE HAS NOT CONSENTED TO THE COURT'S JURISDICTION TO

 1   AWARD ATTORNEYS' FEES AGAINST IT, YES.

 2          **THE COURT:**  EVEN THOUGH IT SOUGHT TO ENFORCE THAT

 3   PROVISION ITSELF.

 4          **MR. CROWELL:**  ABSOLUTELY.

 5          **THE COURT:**  OKAY.  WELL, AT LEAST I KNOW YOUR POSITION.

 6   ANYTHING ELSE?

 7          **MR. CROWELL:**  I WOULD ASK YOU TO TAKE A CLOSE LOOK AT

 8   THE CASES BECAUSE THE QUESTION -- YOU SEEM TO BE STRUCK BY A

 9   QUESTION OF FAIRNESS.  AND THAT --

10          **THE COURT:**  LOOK.  IT'S NOT -- THAT'S NOT THE ISSUE.

11   YOU'RE MAKING A DISTINCTION THAT YOU WANT TO USE THE CONTRACT AND

12   ENFORCE IT, BUT ONLY FOR YOUR BENEFIT.

13          **MR. CROWELL:**  THAT'S RIGHT.

14          **THE COURT:**  OKAY.  I UNDERSTAND THE POSITION.  I'M NOT

15   SURE I AGREE WITH IT, BUT I UNDERSTAND IT.

16          **MR. CROWELL:**  I BELIEVE THAT'S THE POSITION OF THE CASE

17   LAW.

18          **THE COURT:**  ALTHOUGH THERE IS NO CASE WITH THAT FACT

19   PATTERN THAT I'VE JUST DESCRIBED, CORRECT?

20          **MR. CROWELL:**  THE VERY FACT PATTERN, NO.  BUT THE

21   IRONCLAD PRINCIPLES OF WHAT IS REQUIRED IN ORDER FOR THERE TO BE

22   AFFIRMATIVE RELIEF AGAINST A TRIBE, YES.

23          **THE COURT:**  WELL, MAYBE THIS IS ONE THAT THE NINTH

24   CIRCUIT THEN WILL CLARIFY.  I JUST DON'T -- I WILL GO BACK AND

25   LOOK AT THEM.  BUT I THINK THAT YOU'RE MAKING A DISTINCTION THAT

```
 1   DOESN'T EXIST IN THE CASE LAW.  BUT PERHAPS YOU ARE RIGHT.
 2            MR. CROWELL:  I BEG TO DIFFER, AND I HOPE THAT YOU CAN
 3   READ IT DIFFERENTLY.  IF NOT, WE'LL ASK THE NINTH CIRCUIT TO DO
 4   SO.
 5            THE COURT:  ANYTHING ELSE, MR. GONZALEZ?
 6            MR. GONZALEZ:  JUST BRIEFLY, YOUR HONOR.  I JUST CALL
 7   THE COURT'S ATTENTION TO FOOTNOTE 15 FROM THE NINTH CIRCUIT
 8   DECISION UNITED STATES AND FIDELITY AND GUARANTEE COMPANY,
 9   BECAUSE THERE THE COURT SAID -- I'LL JUST READ A FEW WORDS.
10        "THE IMMUNITY ONLY BARRED TRIBAL LIABILITY IN EXCESS OF
11         THE PRINCIPAL CLAIM.  DEFENDANTS WERE ALLOWED TO RECOUP AN
12         AMOUNT EQUAL TO THE INDIAN'S PRIMARY CLAIM."
13        SO THAT, I WOULD ARGUE, ALSO SUPPORTS OUR POSITION, IN
14   ADDITION TO WHAT THE COURT IS NOTING, WHICH IS JUST THE
15   NONSENSICAL PROPOSITION THAT THE TRIBE CAN COME INTO COURT, PUT A
16   CONTRACT BEFORE THE COURT AND POINT TO A PROVISION AND SAY:
17        "WE'RE ENTITLED TO FEES UNDER THAT PROVISION, IF WE
18         WIN," BUT THEN CLAIM IMMUNITY IF THEY LOSE, USING THAT SAME
19   PROVISION.  THERE'S NO CASE EVEN CLOSE TO THAT.
20            THE COURT:  DO YOU WANT TO RESPOND ON THAT FOOTNOTE?
21            MR. CROWELL:  I WOULD SUGGEST THAT THAT VERY FOOTNOTE
22   PROVES OUR POINT.  IT SAYS YOU CAN'T GET AFFIRMATIVE RELIEF AS
23   AGAINST THE TRIBE.  IF THE TRIBE HAS WON AN WARD OF $300,000, AND
24   THEY HAVE CLAIMS, WHETHER IT BE BASED ON AN ATTORNEY PROVISION OR
25   ANY OTHER PROVISION FOR 200,000 THAT ALLOWS THEM TO REDUCE THE
```

```
 1   AWARD TO 200,000.
 2        IF IT WAS 400,000, IT WOULD STILL ONLY ALLOW THEM TO REDUCE
 3   THE AWARD TO 300,000, BECAUSE IT WOULD NOT ALLOW THEM TO HAVE THE
 4   COURT AWARD AFFIRMATIVE RELIEF AS AGAINST THE TRIBE.
 5             THE COURT:  ANYTHING ELSE?
 6             MR. GONZALEZ:  JUST BRIEFLY.  THEY ARE MISREADING THE
 7   CASE.  BUT, IN ADDITION, THEY OBVIOUSLY SOUGHT HUNDREDS OF
 8   MILLIONS OF DOLLARS.  THE AMOUNT THAT WE'RE SEEKING IN FEES IS
 9   SUBSTANTIALLY BELOW THE AMOUNT THAT THE TRIBE PUT BEFORE THE
10   COURT.
11             THE COURT:  I WILL JUST NOTE FOR EACH OF YOUR BENEFITS,
12   WE ARE GOING THROUGH THE ATTORNEYS' FEES BILLS WITH A FINE TOOTH
13   COMB.  TO THE EXTENT THAT AN AWARD IS ISSUED, IT WILL BE REDUCED
14   AFTER AN INCREDIBLY EXHAUSTIVE REVIEW OF THOSE BILLS.
15        I NOTE ALSO THAT THERE WAS SOMETHING IN THE BRIEFING ABOUT
16   THE COST BILL.  FRANKLY, IN FEDERAL COURT AS OPPOSED TO STATE
17   COURT THOSE COST BILLS ARE DEALT WITH BY THE CLERK'S OFFICE AND
18   I'M NOT GOING TO ADDRESS THEM.  I'M NOT GOING TO ADDRESS IT IN
19   THE ORDER.  IT'S NOT AN ISSUE REALLY BEFORE ME AT ALL.
20        SO JUST AS A -- JUST AS A NOTE.
21        OKAY.  WELL, I WILL -- YOU KNOW, IT'S INTERESTING.  I DON'T
22   KNOW ON THE RIGHT-HAND SIDE OF ME WHETHER YOU ALL ARE INVOLVED IN
23   THE AMERICAN LAW INSTITUTE'S INDIAN LAW PROJECT OR NOT.  IT'S AN
24   INTERESTING PROJECT, I THINK, BECAUSE THE LAW INVOLVING -- WELL,
25   INDIAN LAW IS JUST -- THERE'S NOT AS GREAT GUIDANCE FOR COURTS AS
```

1   WE WOULD LIKE THERE TO BE, SO WE'RE HOPING ACTUALLY THAT THAT

2   PROJECT PROVIDES A SIGNIFICANT AMOUNT OF GUIDANCE FOR FEDERAL

3   COURTS ACROSS THE COUNTRY ONCE IT'S DONE.

4        NOW, WE'RE HOPING TO ALSO MOVE A LITTLE BIT FASTER THAN THE

5   VATICAN GETTING SOMETHING OUT BEFORE 20 YEARS IS UP.  BUT IF YOU

6   DIDN'T KNOW THAT PROJECT WAS GOING ON, IT IS GOING ON.

7             **MR. GONZALEZ:**  I'M AWARE OF IT.

8             **THE COURT:**  AND IT SHOULD, I THINK, BE A GOOD PROJECT

9   TO PROVIDE SOME GUIDANCE ON THESE ISSUES.  I THINK THE INDIAN LAW

10  ISSUES ARE BECOMING MORE AND MORE PREVALENT.  BUT OKAY.  THANK

11  YOU VERY MUCH, GENTLEMEN.

12            **MR. GONZALEZ:**  THANK YOU, YOUR HONOR.

13            (THEREUPON, THIS HEARING WAS CONCLUDED.)

14    STENOGRAPHY CERTIFICATION

15            "I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
    FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER."
16            DECEMBER 4, 2015
              KATHERINE WYATT
17   _____

18   *Kathy Wyatt* (signature)

19

20

21

22

23

24

25