**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE GUIDIVILLE RANCHERIA OF CALIFORNIA,** *ET AL.*<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>**THE UNITED STATES OF AMERICA, ET AL.,**<br><br>　　　　Defendants. | Case No.: 12-cv-1326 YGR<br><br>**ORDER RE TEMPORARY RESTRAINING ORDER**<br><br>Re Dkt. Nos. 421 and 427 |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

Pending before the Court is plaintiffs Upstream Point Molate LLC and Guidiville Band of Pomo Indians' motion for a temporary restraining order which is fully briefed. By way of background, this 2012 action closed on August 17, 2018. Over two years ago, on November 21, 2019, the Court entered an Amended Judgment.

A related action was filed on June 29, 2018, *SPRAWLDEF et al v. City of Richmond*, 18-cv-3918-YGR ("the SPRAWLDEF Action"), and judgment was entered on December 3, 2020 against plaintiffs SPRAWLDEF, Citizens for East Shore Parks, Paul Carman, James Hanson, Pamela Stello, and Anthony Sustak ("Petitioners"). An appeal in that action is pending before the Ninth Circuit in which Petitioners seek to invalidate the Amended Judgment in this action. A response to Petitioners' opening brief is due on December 10, 2021. In January 2021, the composition of the city council for defendant City of Richmond ("the City") changed, and, allegedly, while the City had been complying with its obligations under the Amended Judgment, plaintiffs allege the City is repudiating the Amended Judgment and refusing to defend the legitimacy of the same.

Thus, plaintiffs here seek the following relief: (i) restraining any filing by the City with the Ninth Circuit before December 10, 2021; (ii) restraining any filing by the City with the Ninth Circuit which disavows the Amended Judgment; and (iii) the reordering of a Joint Status Report regarding compliance with the Amended Judgment. In its opposition to the motion, the City argues that its

proposed letter to the Ninth Circuit "does not make any statement disavowing the Amended Judgement." (*See* Opposition at 4:14-15, Dkt. No. 425, filed November 24, 2021.) The City does not oppose the third request for relief.  Given the December 10, 2021 filing deadline, on November 22, 2021, the Court ordered full briefing and an evidentiary hearing for December 1, 2021.

Under California law, "an agreement to settle a legal dispute is a contract and its enforceability is governed by familiar principles of contract law." *Jeff D. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) (citations omitted.)  "California law recognizes that a contract may be breached by nonperformance, repudiation, or a combination of the two." *Hewlett-Packard Co. v. Oracle Corp.*, 65 Cal. App. 5th 506, 549 (2021).  "The repudiation may be express or implied.  An express repudiation is a clear, positive, unequivocal refusal to perform . . . ; an implied repudiation results from conduct where the promisor puts it out of his power to perform so as to make substantial performance of his promise impossible." *Taylor v. Johnston*, 15 Cal. 3d 130, 137, (1975) (citations omitted.) A party that negotiates and enters a settlement of a legal dispute cannot at the same time disavow the agreement when it becomes no longer beneficial.  *See Hurvitz v. St. Paul Fire & Marine Ins. Co.*, 109 Cal. App. 4th 918, 936 (2003).  Principles of federalism do not impact these obligations.

The City concedes that it would be judicially estopped from taking any inconsistent positions in the SPRAWLDEF Action citing *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 936 (9th Cir. 2011), *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 996 (9th Cir. 2011), and *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001).  (*See* Opposition at 7:3-8, Dkt. No. 425.)  In essence, the City argues that "no action" does not constitute either inconsistent action or a repudiation.

Given the current record, the Court finds too much ambiguity to resolve the issues at this juncture and, in any event, plaintiffs' requested relief is not currently premised on any actionable claim.  Here, plaintiffs have offered evidence reflecting an intent by the City to repudiate the Amended Judgment.[1]  As noted, the City contests that implication.  At most, the evidence of the

---

[1] Given the procedural posture of this motion, and the limited purpose for which the Court considers plaintiffs' evidence, the City's objections thereto are overruled.

City's flip-flopping on the filing of a brief in support of the legitimacy of the Amended Judgement is circumstantial evidence of the City's repudiation of the Amended Judgment, especially if the source of the flip-flopping is the mere change in the composition of the city council.[2]  However, plaintiffs have not filed a motion to enforce the Amended Judgment.

As noted on the record on November 22, 2021, the Court was not convinced that it could order the requested relief.  That said, the City is on notice that its conduct relative to the appeal can be considered in any future proceeding relative to the enforcement of the Amended Judgment, including whether such actions are circumstantial evidence of repudiation.  Of course, time remains for the City to make explicit that it does not repudiate the Amended Judgment.

Accordingly, based on the current record, and good cause appearing, the Court **GRANTS IN PART AND DENIES IN PART** the motion for a temporary restraining order as follows:

The Court reinstates the reporting requirement in the Amended Judgment ¶ 29 which it had suspended last December 4, 2020 (Dkt. No. 416).  As previously ordered, the first report shall be filed on December 13, 2021 and shall provide the Court with details on a month-to-month basis regarding its actions relative to complying with the Amended Judgment since the filing of the last report.  Thereafter, the next report shall be filed on February 1, 2022 and every forty-five days thereafter. The first report shall also include an update with respect to the City's actions relative to the SPRAWLDEF appeal.

All other relief is denied except that if the City does in fact file the proposed letter with the Ninth Circuit is shall include the sentence: "The City understands that Appellees The Guidiville Rancheria of California and Upstream Point Molate, LLC will be filing an Answering Brief."  This requirement will reduce any harm and make explicit that the appeal is contested.

In light of this Order, the Court hereby **VACATES** the evidentiary hearing scheduled for Wednesday, December 1, 2021 as unnecessary at this juncture.

---

[2] The City is also on notice that the attorney-client privilege does not shield the city council members from factual matters.  *Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1985) (explaining that the attorney-client privilege only protects against communications and does not extend to disclosure of the underlying facts); *see also North Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1127 (2003) (explaining that not all communications during the closed sessions of a City Council's meeting are privileged).

3

Finally, in light of the foregoing, the Court hereby **DENIES** Petitioners' ex parte application and motion filed November 29, 2021, seeking to be added as necessary parties to the post-judgment motion and to file a response to plaintiffs' motion for a temporary restraining order as **MOOT**. The Court notes that Petitioners have not provided the Court with any authority that the rules with respect to necessary or permissive parties apply in post-judgment proceedings.  Moreover, this Court's Order does not impact Petitioners' appellate proceedings which appear to be the proper forum for their concerns.[3]  The Amended Judgment remains valid and enforceable until adjudicated otherwise. Thus, Petitioners' request is **DENIED** without prejudice.

This terminates Docket Numbers 421 and 427.

**IT IS SO ORDERED**.

Dated: November 30, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] This Court has no role in the proceedings of the Ninth Circuit and declines to take any steps relative to those proceedings.